IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

LIQUID METAL, INC., a Florida company,

    Plaintiff,

v.

ART BOX, a California business entity, and
HYO SANG KIM, an individual,

    Defendants.
_____/

## COMPLAINT

Plaintiff LIQUID METAL, INC. ("Liquid Metal"), by and through its undersigned attorneys, sues Defendants ART BOX ("Art Box"), and HYO SANG KIM ("Kim"), and states:

### NATURE OF ACTION

1.    This is an action by a service provider against its partners in a joint venture bound by various agreements. The suit is for *inter alia*, injunctive relief, trademark infringement, copyright infringement, unfair competition, common law trademark infringement and civil conspiracy.

### JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction over the matter pursuant to the Federal Copyright Act of the United States, Title 17, United States Code, for the infringing use by the Defendants copyrighted and protected works, under 28 USC § 1331 and 1338.

3.    This Court also has subject matter jurisdiction over this action pursuant to 15 U.S.C. §1116 (injunctive relief necessary to prevent a violation under the Lanham Act), 15 U.S.C. § 1121 (claims under the Lanham Act), 28 U.S.C. §1331 (claims arising under the

laws of the United States), 28 U.S.C. §1338(b) (pendant unfair competition claims) and 28 U.S.C. §1367 (supplemental jurisdiction).

4. This Court has personal jurisdiction over Defendants under §48.193(2)(a), Fla. Stat. because, upon information and belief, they are engaged in substantial and not isolated business activity in the State of Florida, have offered services and goods into the State of Florida, and have committed tortious acts of infringement within Florida.

5. Venue is proper under 28 U.S.C. §§1391(b) and (c), because a substantial part of the events giving rise to the instant claim occurred in this District, and because the corporate Defendants are subject to the personal jurisdiction of this Court and therefore deemed to "reside" in this District for purposes of venue.

## THE PARTIES

6. Plaintiff Liquid Metal is a company organized and existing under the laws of the State of Florida.

7. Upon information and belief, Defendant Art Box is a California business entity of unknown type having its principal place of business at 777 East 10th Street, #115, Los Angeles, CA 90021. Its registered agent for service of process has not been identified.

8. Defendant Kim is an individual believed to reside at 24224 Springwood Dr., Diamond Bar, CA 91765. At all times relevant hereto, Defendant Kim was understood to control the actions of Art Box and may have been conducting business herself under the name Art Box.

## RELEVANT FACTS

**A.** *Liquid Metal and the LIQUID METAL Mark and Copyright.*

9. Liquid Metal is a Florida company with fewer than ten employees dedicated to the development of costume metal jewelry. Liquid Metal is the owner of the intellectual

property at issue in this case.

10. In designing this costume jewelry, Liquid Metal has developed novel manufacturing processes which allow it to create delicate layered cloth like effects with their jewelry. *See photo of jewelry attached hereto as Exhibit A.*

11. Liquid Metal has been using its trademark and trade dress throughout Florida and the United States since at least as early as 1997.

12. Liquid Metal's jewelry has acquired distinctiveness for its unique trade dress and is widely recognized in the industry for its fine craftsmanship. The Liquid Metal trade dress has become famous and is widely identified with the source and identity of Liquid Metal's products.

13. Liquid Metal's jewelry is sold under the trademark LIQUID METAL and, in addition, is marked on its clasps with the initials SG which belong to Sergio Gutierrez, the founder of Liquid Metal and its inspirational designer.

14. Liquid Metal has registered a series of copyrights for its unique bracelet designs VA1-073-110, VA1-024-107, VA1-024-534 and VA1-099-438 (the "Liquid Metal Copyrights"). *See registrations attached hereto as Exhibit B.*

15. Liquid Metal aggressively protects its valuable trademarks, trade dress and copyrights.

### B.   *Art Box and Kim's acts of infringement.*

16. Art Box is an online jewelry reseller which sells its products a website operated at the domain "artboxjewel.com."

17. Art Box also operates a store front located at 777 E. 10th Street #115, Los Angeles, CA 90021.

18. Art Box is owned and operated by Defendant Kim.

19. The domain "artboxjewel.com" is owned by Defendant Kim.

20. Art Box accepts orders through its web site from throughout the country.

21. In early 2011, Liquid Metal discovered that Art Box was selling counterfeit copies of Liquid Metal Jewelry.

22. Sergio Gutierrez, on behalf of Liquid Metal, contacted Art Box on February 22, 2011, and asked them to remove the counterfeit jewelry from sale.

23. On February 24, 2011, Defendant Kim responded that all of the infringing products had been removed from sale and destroyed.

24. On October 10, 2012, more than a year later, Liquid Metal again discovered that the counterfeit jewelry was still being sold by Art Box. *See photo of counterfeit jewelry on website attached hereto as Exhibit C.*

25. Liquid Metal's representative also visited Defendants' retail store front and found the shelves packed with counterfeit products. *See photo of counterfeit jewelry at retail store attached hereto as Exhibit D.*

26. Defendant's actions are intentional and malicious.

27. Unless enjoined, Defendants will cause irreparable harm to Liquid Metal, its brands and copyrights.

28. This complaint follows.

29. All conditions precedent to the filing of this action have been satisfied or waived.

30. Liquid Metal has retained the undersigned law firm to represent them in this action and is obligated to pay it a reasonable fee for their services.

## COUNT I

### INJUNCTIVE RELIEF (against all Defendants)

31. The allegations contained in paragraphs 1 through 30 are hereby re-alleged as if

fully set forth herein.

32.     This is a claim by Liquid Metal to obtain an injunction pursuant to § 34 of the Lanham Act (15 U.S.C. § 1116), Fla. Stat. § 501.211, and the Court's inherent equitable power to enjoin the wrongful acts complained of herein as well as other wrongful acts threatened but not yet committed by Defendants.

33.     Defendants Art Box and Kim have engaged in: (a) direct and/or contributory infringement of one or more of the federally registered Liquid Metal Copyrights; (b) direct and/or contributory unfair competition in violation of § 43(a) of the Lanham Act (15 U.S.C. § 1125); (c) direct and/or contributory trademark dilution in violation of § 43 of the Lanham Act (15 U.S.C. § 1125; (d) direct and/or contributory common law unfair competition; and (e) conspiracy to commit the above-listed offenses, all described more fully herein.

34.     By such wrongful acts, Defendants will and would cause, unless restrained by the Court, irreparable injury and damage to Liquid Metal, the Liquid Metal copyrights and to the goodwill associated with Liquid Metal' trademark and trade dress, including diversion of customers from Liquid Metal resulting in lost sales and lost profits, and the consequent unjust enrichment of Defendants.

35.     Liquid Metal does not have an adequate remedy at law.

## COUNT II

**DIRECT AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT**
**(against all Defendants)**

36.     The allegations contained in paragraphs 1 through 30 are hereby re-alleged as if fully set forth herein.

37.     This is a Cause of Action arising under the Federal Copyright Act of the United States, Title 17 of the United States Code, and in particular, 17 USC § 501 et seq., and is to

remedy copyright infringement, including, direct infringement, contribution infringement and inducement to infringe of one or all of the Liquid Metal Copyrights.

38. As hereinbefore alleged, Defendants have infringed Liquid Metal's original copyrighted works through Defendants' copying, sale, and distribution of jewelry products bearing infringement of the Liquid Metal Copyrights.

39. Upon information and belief, Defendants and/or employees or agents of the Defendants have, without authorization from Liquid Metal, used or induced others to use or copy Liquid Metal's copyrighted designs through the sales and distribution of wearing apparel products bearing such designs. Such usage, copying or sales distribution or inducement to copy comprises of the use of material identical, substantially identical, or a derivative work of the Liquid Metal Copyrights which are original works of authorship.

40. Upon information and belief, the Defendants have, without authorization from Liquid Metal, received, sold, copied and continue to distribute and sell throughout the United States, material not produced by or for Liquid Metal, but which contains a substantially similar graphic design of Liquid Metal's original work of authorship of the Liquid Metal Copyrights.

41. Upon information and belief, the Defendant's aforementioned acts in infringing the copyrights owned by Liquid Metal, have been deliberate and with the knowledge of Liquid Metal's interest in such original works of authorship.

42. Upon information and belief, the publication, sale, distribution and copying of Defendants' infringing work commenced subsequent to the date of registration of the Liquid Metal Copyrights, and as such, Liquid Metal is entitled to statutory damages and attorneys' fees under the Copyright Act.

43. Upon information and belief, by the acts of copyright infringement herein

complained of, Defendants have made substantial profits to which they are not equitably entitled.

44. By reason of the aforementioned acts of Defendants, Liquid Metal has suffered great detriment in a sum which exceeds this Court's jurisdictional amount, but which cannot be ascertained at this time.

45. Defendants threaten to, and unless restrained, will continue the acts complained of herein, all to Liquid Metal's irreparable damage, and it will be extremely difficult to ascertain the amount of compensation which would afford Liquid Metal adequate relief.

## COUNT III

### DIRECT AND/OR CONTRIBUTORY UNFAIR COMPETITION PURSUANT TO SECTION 43(a) OF THE LANHAM ACT
### (against all Defendants)

46. The allegations contained in paragraphs 1 through 30 are hereby re-alleged as if fully set forth herein.

47. Defendants' use of the LIQUID METAL trade dress design on and in relation to Defendants' counterfeit jewelry constitutes unfair competition, passing off and false designation of the origin as to the services made available by Defendants, as well as false designation as to sponsorship, which causes irreparable injury to Liquid Metal, in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

48. Defendants' assistance in such acts constitutes contributory unfair competition, passing off and false designation of the origin as to Defendants' counterfeit jewelry, as well as false designation as to sponsorship, which causes irreparable injury to Liquid Metal, in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

49. Upon information and belief, Defendants' acts have been willful, deliberate and intended to benefit Defendants at Liquid Metal' expense.

50. Liquid Metal has suffered monetary damages as a result of Defendants' unlawful

acts in an amount to be calculated.

51. This is an exceptional case under 15 U.S.C. § 1117.

## COUNT IV

### DIRECT AND/OR CONTRIBUTORY TRADEMARK DILUTION
### (against all Defendants)

52. The allegations contained in paragraphs 1 through 30 are hereby re-alleged as if fully set forth herein.

53. The actions of Defendants as described herein have diluted the reputation and value of Liquid Metal's famous LIQUID METAL trade dress through their false and misleading sale of counterfeit jewelry.

54. Defendants, in connection with promotion and advertising of Defendants' jewelry, have used in interstate commerce the words, terms, names, symbols or any combinations thereof related to Liquid Metal's famous LIQUID METAL trade dress.

55. Defendants' conduct was willfully intended to tarnish the reputation and value of Liquid Metal's famous LIQUID METAL trade dress.

56. Defendants' violations of the Lanham Act have damaged Liquid Metal and will continue to damage Liquid Metal unless enjoined by the Court.

57. Liquid Metal has suffered monetary damages as a result of Defendants' unlawful acts in an amount to be calculated.

58. This is an exceptional case under 15 U.S.C. § 1117.

## COUNT V

### DIRECT AND/OR CONTRIBUTORY COMMON LAW UNFAIR COMPETITION
### (against all Defendants)

59. The allegations contained in paragraphs 1 through 30 are hereby re-alleged as if fully set forth herein.

60. This is an action for unfair competition against all Defendants.

61. Upon information and belief, Defendants have competed unfairly with Liquid Metal by using the LIQUID METAL trade dress on and in relation to Defendants' counterfeit jewelry, or have assisted in such acts.

62. Upon information and belief, Defendants' acts of unfair competition have been willful, intentional, and malicious.

63. As a direct and proximate result of this unfair competition, Liquid Metal has suffered damages in an amount to be calculated and is threatened with irreparable injury.

## COUNT VI

### CIVIL CONSPIRACY
### (Against All Defendants)

64. The allegations contained in paragraphs 1 through 30 are hereby re-alleged as if fully set forth herein.

65. As alleged more fully above, upon information and belief, Defendants have conspired to do unlawful acts or to do lawful acts by unlawful means.

66. As a direct and proximate result of this conspiracy and the acts done in furtherance of it, Liquid Metal has suffered and will suffer damages in an amount to be calculated.

WHEREFORE, Liquid Metal respectfully requests:

(1) That a preliminary and permanent injunction issue, restraining Defendants, their agents, servants, employees, successors and assigns, and all others in concert and privity with them from:

    (a) Directly or indirectly infringing the Liquid Metal Copyrights;

    (b) Using a trademark, service mark or trade name, that comprises in whole or in part the Liquid Metal trade dress or the term "LIQUID METAL" or "SG" or any other substantially similar term which is likely to cause confusion with any of the trademarks, trade dress or trade names owned and used by Liquid Metal;

    (c) Directly or indirectly falsely suggesting any connection between their services and Liquid Metal;

    (d) Directly or indirectly unfairly competing with Liquid Metal; and

    (e) Conspiring to do any of (a) through (d).

  (2) That Defendants be required to surrender for destruction all counterfeit products.

  (3) That Defendants be enjoined from making any statements which disparage Liquid Metal and/or Liquid Metal's products.

  (4) That Defendants be required to pay all damages allowed by law including statutory damages for intentional copyright infringement and any enhanced damages and prejudgment interest allowed by statute.

  (5) That Defendants be required to pay Liquid Metal's attorneys' fees, together with costs of this suit, pursuant to 15 U.S.C. § 1117 and 17 U.S.C. § 505.

  (8) For such other and further relief as may be just and equitable.

## **DEMAND FOR TRIAL BY JURY**

Liquid Metal demands trial by jury for all issues so triable as a matter of law.

Respectfully submitted,

Dated:  November 7, 2012

By:_s/Jorge Espinosa_____
Jorge Espinosa, Esq.
Florida Bar No.  779032
Jespinosa@etlaw.com
Francesca Russo
Florida Bar No. 174912
Frusso@etlaw.com
ESPINOSA|TRUEBA PL
1428 Brickell Avenue
Suite 100
Miami, Florida  33131
Tel:  305-854-0900
Fax:  855-854-0900

*Attorneys for Plaintiff*