## SETTLEMENT AGREEMENT

Liquid Metal, Inc., a company organized under the laws of the state of Florida (hereinafter "Liquid Metal") and Art Box, a legal entity doing business in California (hereinafter "Art Box") and Hyo Sang Kim (hereinafter "Kim")(hereinafter Art Box and Kim are collectively referred to as "Defendants")(hereinafter Liquid Metal, Art Box and Kim are collectively referred to as the "Parties") hereby enter into this Settlement Agreement ("Agreement") as of the dates indicated herein below.

## RECITALS

**WHEREAS,** Liquid Metal is the owner of the trademarks LIQUID METAL and SG LIQUID METAL, and SG (collectively, the "Liquid Metal Trademarks") in connection with various education-related services, as well as United States Trademark Application Nos. 85/803041 and 85/803,033 for said marks; and

**WHEREAS**, Liquid Metal is the owner of copyright registrations for its unique bracelet designs VA1-073-110, VA1-024-107, VA1-024-534 and VA1-099-438 (the "Liquid Metal Copyrights"); and

**WHEREAS,** Liquid Metal has filed suit against Defendants in the United States District Court for the Southern District of Florida in the case styled *Liquid Metal Holdings, LLC v. ART BOX and Hyo Sang Kim*, Case No. 12-CV-24028 (the "Litigation") alleging, *inter alia*, trademark infringement and copyright infringement on the part of Defendants with respect to the Liquid Metal Trademarks and the Liquid Metal Copyrights; and

**WHEREAS**, Defendants have information regarding the source of products which infringe the Liquid Metal Trademarks and Liquid Metal Copyrights that they are willing to provide together with a money payment to settle the Litigation; and

**WHEREAS,** the Parties have compromised and settled their differences along the terms as indicated herein below.

## AGREEMENT

**NOW THEREFORE**, for good and valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

1. **RECITALS**

   The recitals hereinabove are true and correct and are incorporated herein and made a part hereof as fully enforceable terms of this Agreement.

2. **CESSATION OF USE**

   Defendants agree to immediately and forever discontinue any use of:

   a. Any mark or designation ("Prohibited Mark") that is identical to or confusingly similar to any of the Liquid Metal Trademarks, or any other mark owned by Liquid Metal; and

   b. Any design which imitates the Liquid Metal Copyrights ("Prohibited Designs");

   c. Third party products which bear Prohibited Marks or Prohibited Designs.

3. **ACTIONS DUE FROM DEFENDANTS**

   Within five (5) days of its execution of this Agreement, Defendants will jointly and severally:

   a. Wire the sum of $4,000 to the Law Offices of Espinosa Trueba, PL, in full satisfaction of all damages which could be claimed in this action; and

   b. Surrender to Liquid Metal any products in their possession which bear the Prohibited Marks or the Prohibited Designs; and

   c. Provide Liquid Metal with an accounting of the number of infringing units sold; and

   d. Provide Liquid Metal with the name of any other known infringers; and

   e. Provide Liquid Metal with copies of any documents in their possession and control showing the purchase, sale, shipping, order and source of any products which Defendants have possessed, inventoried, ordered or sold which bear the Prohibited Marks or the Prohibited Designs.

4. **ACKNOWLEDGEMENT OF RIGHTS**

   Defendants agree and acknowledges that Liquid Metal' rights to the Liquid Metal Trademarks are valid and enforceable and agrees that it will not at any time, directly or indirectly, assert or assist any third party in the assertion of any claim against Liquid Metal that challenges these rights.

5. **DISMISSAL OF LITIGATION**

   Following the execution of this Agreement and within five (5) days of receipt by Liquid Metal of the information required in section 2 above, the parties will file a joint stipulation for dismissal of the Litigation with prejudice, with each party to bear its own fees and costs. The Parties agree to ask the Court to retain jurisdiction to enforce the terms of this Agreement that this Agreement will be governed by the laws of the State of Florida and that jurisdiction for any alleged breach of this Agreement or any action to enforce its terms will lie in the United States District Court for the Southern District of Florida.

**6.     MUTUAL RELEASE**

Apart from their obligations hereunder, the Parties hereby release each other as well as each and every one of their heirs, present or former employees, agents, officers, directors, and representatives from all known claims, counterclaims, liabilities or damages of any and every kind, resulting from or otherwise related to the Litigation.

**7.     SIGNATURES**

The Parties enter into this Agreement as indicated by their signatures herein below, and each signatory to this Agreement represents that he has authority to sign this Agreement in his own behalf and on behalf of the party or entity of which they are identified by their signature as a representative.  For the purposes of this Agreement, a scanned electronic version shall be treated as an original.

**8.     COMPROMISE**

The parties agree and acknowledge this Settlement Agreement is a compromise of disputed claims, and that by entering into this Settlement Agreement, it should not be viewed as an admission of wrong doing or fault by anyone.

**9.     COUNTERPARTS**

This Agreement may be executed in counterparts, and upon such execution, shall be complete, and the terms, provisions and obligations set forth shall be in full force and effect.

**10.    ATTORNEYS' FEES AND COSTS**

Each party shall bear its own attorneys' fees and costs associated with the Litigation and this Agreement.  In the event of a breach of this Agreement the prevailing party will be entitled to attorney's fees and costs through all resulting legal proceedings including all hearings, trials and appeals.

**11.    INTERPRETATION**

This Agreement shall not be construed more strictly against one party than against the other, merely by virtue of the fact that it may have been prepared by counsel for one of the parties, it being recognized that both parties have contributed substantially and materially to the preparation of this Agreement.

<SIGNATURES ON NEXT PAGE>

This Agreement is executed this _____ day of December, 2012 ("Date of Execution").

**LIQUID METAL HOLDINGS, LLC**

By: _____  Date: Jan. 11/13

**ART BOX**

By: _____  Date: 12-26-12

**HYO SANG KIM, individually**

By: _____  Date: 12-26-12